```
            UNITED STATES DISTRICT COURT
                    FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :        No. 4:CR-06-0175-06
    vs.                        :
                               :
ERIC LOZANO                    :        (Judge Muir)
```

**ORDER**

September 12, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 8, 2006, Defendant Eric Lozano pled guilty pursuant to a plea agreement to one count of conspiracy to possess with the intent to distribute, and knowingly and intentionally to distribute 50 grams and more of a mixture or substance containing cocaine base, or "crack cocaine" in violation of 21 U.S.C. § 846.  There are 9 defendants named in that count and identified by the government as co-conspirators, including Eric Lozano's brother, Edwin Lozano.  Eric Lozano will hereafter be referred to in this order as Lozano.  Edwin Lozano and 2 other co-defendants have not been apprehended and remain fugitives.

Lozano was initially represented by Attorney Jarrett R. Smith, who had been privately retained by Lozano.  By order dated March 21, 2007, we granted Lozano's *pro se* motion to appoint new counsel.  As a result of that order, Attorney William I.

Arbuckle, III, was appointed on March 23, 2007, to represent Lozano.

On June 28, 2007, Lozano filed a "Motion to Withdraw Guilty Plea." The relief sought in that motion is 1) withdrawal of his guilty plea, or 2) an extension of time to file objections to his presentence report. After being granted an extension of time in which to do so, on August 3, 2007, Lozano filed a brief in support of his motion. The government filed its opposition brief on August 28, 2007. Lozano filed a reply brief on September 5, 2007, thereby ripening for disposition the motion to withdraw his guilty plea.

Lozano's current counsel states the following in the motion to withdraw Lozano's guilty plea:

> Based upon Counsel's review of Attorney Smith's file, discussions with AUSA Terz and Probation Officer Noll, and a number of conferences with the Defendant, Eric Lozano, Counsel has concluded that the Defendant's plea was not knowingly or voluntarily made ....

(Motion to Withdraw Guilty Plea, p. 4) Some of the circumstances cited by Lozano's counsel in support of that conclusion are the following: 1) Lozano "has an 11th grade education, mostly in special education classes"; 2) Lozano has had no prior dealings with the federal criminal justice system; 3) Lozano "was advised by Attorney Smith that he was facing a maximum ten year sentence"; 4) Lozano "was only willing to admit to drug

transactions with certain individuals, not a part of the conspiracy alleged in the indictment"; 5) Attorney Smith should have declined to represent Eric Lozano because he had previously represented Edwin Lozano in connection with a previous drug offense; and 6) Attorney Smith did not advise Lozano "about the concept of relevant conduct and how it could be used in sentencing despite his proffer, stipulated facts and understanding of the plea he was entering." (Motion to withdraw Guilty Plea, pp. 6-7)

Federal Rule of Criminal Procedure 11(d) is entitled "Withdrawing a Guilty or Nolo Contendere Plea," and it provides in relevant part as follows:

> A defendant may withdraw a plea of guilty or nolo contendere ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal.

(Fed.R.Crim.P. 11(d)(2)(B))  The Court of Appeals for the Third Circuit has consistently held that

> [a] district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.

United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2004)(citing United States v. Brown, 250 F.3d, 811, 815 (3d Cir. 2001); United States v. Huff, 873 F.2d 709, 711 (3d Cir.1989)).

The first element requires us to consider Lozano's innocence. Lozano asserts his innocence to this extent: his culpability in the offense charged involves a conspiracy to distribute crack cocaine and the only co-conspirator was Jemel Woodruff. Lozano claims to be absolutely innocent with respect to the illegal activities performed by any of the other co-defendants named in the indictment and not to be a co-conspirator with any of the other co-defendants named in the indictment.

In considering the second element, "the strength of the defendant's reasons for withdrawing the plea," we pause to note some especially relevant legal principles. Courts have stated that

> [f]actors to consider when applying this standard of a fair and just reason [for withdrawal of a guilty plea] are whether: (1) the defendant has asserted his innocence; (2) withdrawal will prejudice the government; (3) the defendant delayed in filing his withdrawal motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available to a defendant; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources.

United States v. Brewster, 137 F.3d 853, 857-858 (5th Cir. 1998)(citing United States v. Carr, 740 F.2d 339, 343-44 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865 (1985)). The first factor listed was addressed above. The second factor will be addressed below. The third, fourth, and seventh factors weigh in Lozano's favor because 1) he did not delay in filing his

motion to withdraw his guilty, 2) allowing him to withdraw his guilty plea would not inconvenience the court because it will be necessary to try at least one of his co-defendants and it does not appear that separate trials will be necessary, and 3) granting the motion to withdraw his guilty plea would not waste judicial resources.

The fifth factor relates to Lozano's representation by Attorney Smith at the guilty plea colloquy.  This factor also weighs in Lozano's favor.  As noted by Lozano's current counsel, Attorney Smith's representation of Lozano in this matter raises serious questions.  The conflict of interest created by Attorney Smith's prior representation of Edwin Lozano is troubling.

We next address what is perhaps the most significant element (i.e., whether Lozano's guilty plea was knowing and voluntary).  In considering this factor we will focus on the information communicated to Lozano concerning the charged offense and the potential advisory guideline sentencing range which would result from his plea of guilty to the offense charged in count 1 of the indictment.

When asked to describe the conspiracy in which he had participated, Eric Lozano consistently stated that the only other individual named in the indictment with whom he had conspired was Jemel Woodruff.  However, as noted above, 7 other co-conspirators

are identified in the indictment and the government seeks to hold Lozano responsible for the crack cocaine distributed by those individuals in furtherance of the conspiracy alleged in the indictment. During the guilty plea colloquy, government counsel stated the following:

> I don't believe that the defendant is willing or able to admit to the facts sufficiently or to the point that we can proceed with the Court accepting a guilty plea at this time. The defendant appears, and this is also with my conversations during recess, to deny that he conspired with anybody else to distribute 50 grams or more of crack cocaine.

(Transcript of Guilty Plea Colloquy, p. 27) Lozano subsequently stated that he had conspired with Jemel Woodruff and we proceeded to accept his guilty plea.

A third unusual development in this case is the fact that during Eric Lozano's guilty plea colloquy the Probation Officer, Lozano's counsel, and the Assistant United States Attorney all stated that Lozano's tentative advisory guideline imprisonment range was 120 to 121 months.[1] However, in the presentence report circulated to the parties the Probation Officer indicates that life imprisonment is the term of incarceration called for by the advisory sentencing guidelines.

The Court of Appeals for the Seventh Circuit addressed a

---

1. The low end of the advisory guideline range in this case is established by the statutory 10-year mandatory minimum sentence.

somewhat similar set of circumstances in the case of <u>United States v. Fernandez</u>, 205 F.3d 1020 (7th Cir. 2000).  Fernandez was charged in an indictment with

> conspiracy to transport approximately 453 kilograms of marijuana from southern Texas to points in Kentucky and Illinois.  According to the conspirators' plans, about half of the marijuana was to be delivered to Fernandez or his agents in Louisville, Kentucky and the other half was supposed to be shipped to a co-conspirator in Chicago, Illinois.

Id., at 1022.  The 453 kilograms of marijuana referenced in the indictment was discovered in a single tractor-trailer.  If Fernandez had been responsible for only that marijuana, his advisory guideline imprisonment range would have been 70 to 108 months.  However,

> [a]ccording to the government, Fernandez faced [a] substantially harsher penalty because, although the indictment only alleged a marijuana shipment of 453 kilograms, the entire conspiracy actually involved 3,000 kilograms of marijuana.  Adding this relevant conduct to Fernandez' base offense level, and tacking on an upward adjustment for being a leader or organizer in the conspiracy, the government concluded that Fernandez faced at least 210 months in prison under the Guidelines.

Id., at 1023.  Fernandez, who was a citizen of Mexico and spoke very little English, entered a plea of guilty without any plea agreement.

When asked during his guilty plea colloquy whether he had committed all of the alleged acts concerning the conspiracy, at one point Fernandez stated (through an interpreter) "[n]ot all of

the acts, partially." Id., at 1026. Although the offense was subject to a 10 year mandatory minimum prison term, that fact was not expressly stated during the guilty plea colloquy. Fernandez's counsel asserted that his client's tentative guideline imprisonment range was 70 to 108 months, while the government took the position that 210 to 262 was the applicable guideline range.

Fernandez filed a motion in the district court to withdraw his plea of guilty to the drug conspiracy offense because the district court failed 1) adequately to "apprise him of the nature of the charge against him," and 2) "to advise him of the applicable mandatory minimum prison sentence." Id., at 1025.

The district court held a hearing on the motion. At the hearing Fernandez testified that he had not understood everything conveyed to him at the guilty plea hearing, and that he believed he "was pleading guilty only partially." Id., at 1023. With respect to the offense levels set forth in the guidelines and discussed at the guilty plea hearing, Fernandez stated that he "didn't really understand exactly what those levels meant." Id. At another point in the hearing on Fernandez's motion to withdraw his guilty plea, the interpreter informed the court that

> [y]our honor, I am quite confused here. [The defendant is] talking about that he was feeling guilty or he understood that these 3,000 [kilograms] related to the case that had to do with the trailer, and he didn't think that there was

>anything else that was going to be brought as a charge.  And that is what he didn't understand exactly, that the amounts that he was going to be charged for were an overall count.

Id.

Despite the confusion expressed by Fernandez and the interpreter, the district court denied Fernandez's motion to withdraw his guilty plea.  Fernandez appealed and the Court of Appeals for the Seventh Circuit "vacate[d] Fernandez' conviction and sentence and remand[ed the] case to the district court so Fernandez may enter a new plea." Id., at 1030.

In reaching that conclusion the Court of Appeals for the Seventh Circuit emphasized Fernandez' apparent misunderstanding regarding 1) the nature of the charged drug conspiracy, and 2) the range of the potential sentence he faced as a result of his guilty plea.  Those two facets of a criminal case are closely related because, under the sentencing guidelines, the nature of a charged conspiracy (especially the quantity of drugs distributed in furtherance of the conspiracy) is a critical element in establishing a defendant's total offense level and the advisory guideline imprisonment range or term.

With respect to the nature of the charged offense, the court stated the following:

>While a drug conspiracy charge may seem simple or commonplace to well-educated prosecutors, defense attorneys, and judges who deal with them on a daily basis, "the charge of 'conspiracy' is not a self-explanatory legal term or so

> simple in meaning that it can be expected or assumed that a
> lay person understands it." *United States v. Wetterlin*, 583
> F.2d 346, 350 (7th Cir.1978). Fernandez is a native of
> Mexico, has only a fifth grade education, and understands
> very little English. Aside from one charge for driving
> under the influence of alcohol, Fernandez had never before
> been charged with a crime. These facts strongly suggest
> that, like most lay people, Fernandez would not understand
> the term "conspiracy" without some further explanation.

United States v. Fernandez, 205 F.3d 1020, 1026 (7th Cir. 2000).

Lozano and Fernandez are alike in that each received only a very limited education and each was charged with a relatively complicated conspiracy involving many different people and numerous different shipments of drugs. Also, in both cases the defendant attempted to limit his involvement in the crime charged. Fernandez apparently wished to accept responsibility for only the 453 kilograms of marijuana found in the tractor-trailer; Lozano clearly intended to include only Woodruff as a co-conspirator.

The fundamental similarities between the Fernandez case and this case are that 1) neither defendant fully understand the scope of the conspiracy charged in the indictment, and 2) both defendants attempted to plead guilty to a conspiracy which differed in material respects from the conspiracy alleged in the indictment. For those reasons, we find Fernandez to be persuasive authority weighing in favor of granting Lozano's motion.

Another circumstance which justifies such a result is the fact that Lozano was advised by his counsel, government counsel, and the probation officer that his tentative advisory guideline imprisonment range was 120 to 121 months. We acknowledge that a potential statutory life sentence was also referenced at that proceeding.

The substantially higher imprisonment term set forth in the presentence report stems from the quantity of drugs for which the government seeks to hold Lozano accountable. That quantity encompasses the amounts of drugs distributed by other people, whom Lozano does not acknowledge to be co-conspirators. The offense to which Lozano apparently believed he was pleading guilty does not include those alleged co-conspirators.

We are of the view that Lozano did not adequately understand the full scope of the conspiracy to which he was pleading guilty. Consequently, Lozano did not knowingly plead guilty to that offense.

The final factor to consider is whether the government will be prejudiced by allowing Lozano to withdraw his guilty plea. The government argues that

> [a]llowing the defendant to withdraw his plea and demand a trial at this point would prejudice the United States. Defendant pled guilty on [sic] December 2006, about one week before trial. It is now ... September 2007. The United States will have to relocate witnesses and prepare for trial a second time if defendant is allowed to withdraw his plea

of guilty.

(Brief in Opposition to Motion to Withdraw Guilty Plea, p. 6)

Three of the defendants named in this case remain at large. Consequently, it appears as though a second trial may be necessary regardless of whether Eric Lozano withdraws his guilty plea. We are of the view that the potential prejudice to the government at this point does not outweigh the other factors discussed in this order.

The totality of the circumstances in this case, including the fact that Attorney Smith should not have represented Lozano in this case because of an apparent conflict of interest, lead us to conclude that Lozano's guilty plea was not knowingly entered and that his motion to withdraw that plea should be granted.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Lozano's motion to withdraw his guilty plea (Document 241) is granted.
2. Lozano's alternative motion for an extension of time to file objections to his presentence report is denied as moot.
3. This case is placed on the November 2007 Trial List.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gja